IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERRY MOBLEY JR., : | |
|     Plaintiff : | |
| : | |
|   vs. : | CIVIL NO. 1:CV-14-0035 |
| : | |
| JOHN WETZEL, et al., : | (Judge Caldwell) |
|     Defendants : | |
| : | |
| : | |

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Gerry Mobley Jr., currently an inmate at the state correctional institution in Albion, Pennsylvania, filed this lawsuit against numerous defendants alleging several civil-rights violations stemming mainly from his confinement at the state correctional institution in Huntingdon, Pennsylvania.

The magistrate judge has filed a report and recommendation (Doc. 154), recommending that certain claims in the second amended complaint be dismissed and that others proceed. We deal here with the objection (Doc. 155) of defendant, John Wetzel, the secretary of the Pennsylvania Department of Corrections, to the recommendation that an Eighth Amendment conditions-of-confinement claim be allowed to proceed against him. Wetzel argues that Plaintiff fails to allege Wetzel's personal involvement, a necessary element of a civil-rights claim. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)(personal involvement in the alleged wrongs is necessary for the

imposition of liability in a civil-rights action). Instead, Defendant is being sued simply because he is in a supervisory position, which is insufficient. *Id.* (civil-rights liability "cannot be predicated solely on the operation of respondeat superior").

Defendant does not challenge the magistrate judge's recitation of the pertinent allegations. We quote from the report:

> Here, we find that Mobley has stated an Eighth Amendment conditions of confinement claim against defendants Garman, Bickell, Price, Wetzel, Showalter, and Eckard. Mobley alleges that from the time he entered SCI Huntingdon, June 18, 2010, up until the time when he was transferred to SCI Houtzdale, July 23, 2013, he was subjected to mold, mildew, dust, rust, heat, humidity, cigarette smoke, poor air ventilation and circulation, rat feces, spiders, spider webs, and "little brown bugs." *Doc. 126* at ¶¶ 39, 41, 47, 52, 78, 88, 89, 96, 97, 98, 106, 110, 112, 315, 320. Mobley further alleges that these hazardous conditions were making him sick, aggravating his asthma and allergies, and were causing him anxiety, headaches, coughing, watery eyes, difficulty breathing, and lack of sleep. *Id.* at ¶¶ 45, 47, 49, 58, 63, 91, 102, 301, 384. Mobley also alleges that the defendants knew of these hazardous conditions and the harmful effects they were having on him because he continuously made complaints to them; yet despite having such knowledge, *via* his complaints, Mobley contends that the defendants would not address the conditions, nor would they transfer him to a different facility. *Id.* at ¶¶ 120, 129, 302, 303, 315, 329, 399, 419, 458, 487; *doc. 151* at 26.

(Doc. 154, magistrate judge's report at ECF pp. 35-36).

The magistrate judge reasoned that these allegations stated an Eighth Amendment claim against the named defendants, including Wetzel, because Plaintiff had "sufficiently alleged that these defendants were made aware of a dangerous, ongoing situation, and by failing to take action, they acquiesced in that situation." (*Id.* at ECF p.

-2-

36).  In support, the magistrate judge cited *Marks v. Corizon Health Care Inc.*, No. 13-CV-0726, 2014 WL 4252430, at *6 (M.D. Pa. 2014).

We agree with the magistrate judge.  The key here are the allegations indicating that the conditions were ongoing.  For an ongoing constitutional violation, supervisory officials, including the secretary of the Department of Corrections, can be held liable for failing to respond to an inmate's complaints.  *See Atkinson v. Taylor*, 316 F.3d 257, 270-71 (3d Cir. 2003).  *See also Merrell v. Lawler*, No. 09-CV-1093, 2010 WL 235109, at *5 (M.D. Pa. Jan. 15, 2010)(Caldwell, J.)("Personal involvement on the part of a supervisory official in the chain of command may be shown by his knowledge of and acquiescence in an ongoing constitutional violation.")(citing *Atkinson*).

Accordingly, this 31st day of March, 2016, upon consideration of the magistrate judge's report (Doc. 154) and the objections thereto (Doc. 155), it is ordered that:

    1. The magistrate judge's report (Doc. 154) is adopted.

    2. The motion (Doc. 138) to dismiss filed by Defendant Roth is granted, and Roth is dismissed from this action.

    3. The motion (Doc. 135) to dismiss filed by Defendants Hreibe and Jabbour is granted, and these defendants are dismissed from this action.

    4. The motion (Doc. 132) to dismiss filed by Defendants Bickell, Oppman, Garman, Eckard, Kozak, Price, Weidel, Harker, Wagman, Feathers, Williams, Hoffmaster, Showalter, Stover, Wetzel, Varner, and McCorkle is granted in part and denied in part.

   5. With respect to Defendants Oppman, Kozak, Weidel, Harker, Wagman, Feathers, Williams, Hoffmaster, Stover, Varner, and McCorkle, the motion (Doc. 132) is granted, and these defendants are dismissed from this action.

   6. With respect to Defendants Bickell, Garman, Eckard, Price, Showalter, and Wetzel, the motion (Doc. 132) is denied.

   7. Mobley's Eighth Amendment conditions-of-confinement claim will proceed against Defendants Bickell, Garman, Eckard, Price, Showalter, and Wetzel.

   8. The motion to dismiss (Doc. 131) filed by Defendants Long, Dively, Gomes, Keith, Parkes, and Trimai is granted in part and denied in part.

   9. With respect to Defendants Long, Dively, Gomes, and Trimai, the motion (Doc. 131) is granted, and these defendants are dismissed from the action.

   10. With respect to Keith and Parkes, the motion (Doc. 131) is denied. Mobley's First Amendment Retaliation claim against Keith will proceed, and Mobley's Eighth Amendment medical claim against Parkes will proceed.

   11. Plaintiff's state-law negligence claim against Bickell and Wetzel is dismissed.

   12. This action is remanded to the magistrate judge for further disposition.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge